**SO ORDERED.**

**SIGNED this 11 day of June, 2010.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| **HARRELSON UTILITIES, INC.,** | CASE NUMBER:  09-02815-8-RDD |
| DEBTOR | |
| **HARRELSON UTILITIES, INC.** | |
| Plaintiff | ADVERSARY PROCEEDING NUMBER: 09-00094-8-RDD |
| v. | |
| **FERGUSON ENTERPRISES INC. OF VIRGINIA,** | |
| Defendant. | |

### ORDER GRANTING PARTIAL SUMMARY JUDGMENT

Pending before the Court is the Motion for Partial Summary Judgment filed by Ferguson Enterprises Inc. of Virginia ("Ferguson") on January 29, 2010 (the "Motion") and the Response to Defendant's Motion for Partial Summary Judgment filed by Harrelson Utilities, Inc. (the "Debtor") on February 18, 2010 (the "Response"). The Court conducted a hearing on April 12, 2010 in Wilson, North Carolina to consider the Motion and the Response.

Pursuant to the Motion, Ferguson moves for partial summary judgment based on its alleged defenses, under 11 U.S.C. § 547(c)(4), as to five payments received from the Debtor during the ninety (90) days prior to April 4, 2009, the date the Debtor filed its chapter 11 petition (the "Preference Payments"). The Debtor disputes that Ferguson is entitled to a complete defense as Ferguson may not assert the defense to payments where it was entitled to a statutory security interest. Furthermore, Ferguson fails to take into account that the defense is limited in that amounts that must be offset to the extent that the new value was repaid through transfers that may be unavoidable transfers.

Section 547(c)(4) provides that the trustee may not avoid a transfer "to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor – (A) not secured by an otherwise unavoidable security interest; and (B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or fort the benefit of such creditor."

The parties do not dispute that Ferguson extended new value pursuant to Section 547(c)(4) for the first four payments in the total amount of $108,807.27. More specifically, Harrelson received new value from Ferguson as to the January 23, 2009 payment in the amount of $15,587.19; the January 30, 2009 payment in the amount of $19,987.77; the February 3, 2009 payment in the amount of $44,552.74; and the $28,679.57 paid on February 4, 2009. With respect to these payments, summary judgment is **GRANTED** in favor of Ferguson such that Harrelson may not recover the $108,807.27 in preferential transfers based on the new value provided after receipt of such payments.

Furthermore, the parties agree that Harrelson made payment to Ferguson in the amount $15,587.19 on February 25, 2009 and Ferguson then advanced new value in the amount of $15,183.96. However, the parties dispute when a debtor issues a credit based on goods returned whether such credit should be taken into account for the purposes of calculating new value given as of the date the goods were returned by the debtor or the date of the original invoice. Harrelson argues that a credit issued by a vendor for goods returned should be considered issued, and therefore transferred and new value extended, at the time the goods were returned. Ferguson contends that it is entitled to deduct the amount of the credit as new value from the date of the invoice to which the credit relates. As a result, Ferguson believes that the new value defense should be calculated by applying the credit from the corresponding invoices when the new value was in fact extended.

Four credits issued by Ferguson to Harrelson are at issue in this case - a credit in the amount of $171.97 issued on February 27, 2009,[1] a credit in the amount of $4,591.96 issued in connection with the February 24, 2009 invoice on March 2, 2009, a credit in the amount of $5,048.81 issued in connection with the February 5, 2009 invoice on March 12, 2009, and a credit in the amount of $6,088.86 issued in connection with the February 23, 2009 invoice on March 18, 2009.

One of the purposes of the new value defense is to encourage creditors to work with troubled businesses *Gonzales v. Nabisco Div. of Kraft Foods, Inc. (In re Furr's Supermarkets, Inc.)*, 317 B.R. 423, 428 (B.A.P. 10th Cir. 2004). To determine if an advance qualifies for the new value defense, the Fourth Circuit looks to the net result rule. *Crichton v. Wheeling Nat'l Bank et al., (In*

---

[1] Harrelson, in its affidavit of Ginger Forehand, contends that a credit of $171.97 was issued on February 27, 2009 but the affidavit submitted by Colby Pacheco, Credit Manager for Ferguson, does not reflect the credit of $171.97. Therefore, an issue of fact exists as to whether or not the credit of $171.97 is valid and, if so, where it should be credited.

3

*re Meredith Manor, Inc.)*, 902 F.2d 257, 259 (4th Cir. 1990). In addition, to determine the amount of new value advanced under this rule, a court should consider the 90-day preference period and calculate the difference between the total preference and the total advances, provided that each advance is used to offset only prior (although not necessarily immediately prior preferences). *Crichton v. Wheeling*, 902 F.2d at 259. "New value is defined as money or money's worth in goods, services, or new credit...any new value given by a creditor may be applied to offset any prior preferential payments so long as the debtor does not make an otherwise unavoidable transfer on account of the new value." *Hutson v. Greenwich Ins. Co. (In re E-Z Serve Convenience Stores, Inc.)*, 377 B.R. 491, 500 (Bankr. M.D.N.C. 2007).

New value is given at the time the goods are shipped to the debtor. See *Intercontinental Polymers, Inc. v. Equistar Chemicals, LP (In re Intercontinental Polymers, Inc.)*, 359 B.R. 868, 881 (Bankr. E.D.Tenn. 2005)(citing *Rushton v. E&S Int'l Enters., Inc. (In re Eleva, Inc.)*, 235 B.R. 486, 489 (B.A.P. 10th Cir. 1999); *Gonzales v. DIP Food Products Co. (In re Furr Supermarkets, Inc.)*, 296 B.R. 33, 45 (Bankr. D. N.M. 2003); *Chaitman v. Paisano Auto. Liquids, Inc. (In re Almarc Mfg., Inc.)*, 62 B.R. 684, 687 (Bankr. N.D. Ill. 1986); *Rovzar v. Prime Leather Finishes Co. (In re SACO Local Dev. Corp.)*, 30 B.R. 859, 862 (Bankr. D. Me. 1983).[2] The plain language of the statute supports this determination and provides for new value "given" by the creditor, as opposed to "received." *Intercontinental Polymers v. Equistar Chemicals,* 359 B.R. at 881 (quoting 11 U.S.C.

---

[2] Other courts recognize that the new value is determined when the goods are delivered. See *Intercontinental Polymers v. Equistar Chemicals*, 359 B.R. at 868 (citing *In re Schwinn Bicycle Co.*, 205 B.R. 557 (Bankr. N.D. Ill. 1997); *Bash v. Am. Tools Cos. (In re George Worthington Co.)*, 163 B.R. 115, 118 (Bankr. N.D. Ohio 1994); *Fitzpatrick v. Cent. Communications and Elecs., Inc. (In re Tenn. Valley Steel Corp.*), 203 B.R. 949, 957 n.2 (Bankr. E.D. Tenn. 1996).

§ 547(c)(4) "to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor"). Furthermore, such a consideration is consistent with the policy to encourage creditors to work with troubled businesses. *Intercontinental Polymers v. Equistar Chemicals,* 359 B.R. at 881.

Based on the foregoing, the Court finds that the new value extended on the date of the purchase of the goods is the date on which the new value was actually extended and should not be reduced by a credit for returned goods that was subsequently given. The parties do not dispute that the credits relate to the above-referenced invoices. Rather, they dispute when the credit should deducted for purposes of calculating the new value extended.

Therefore, Ferguson is entitled to a new value defense to the extent of $123,819.26, which is computed by the sum of the first four preferential transfers totaling $108,807.27; plus the transfer of $15,587.19 on February 25, 2009, less the credit in dispute of $171.97, and the amount of new value not extended of $403.23, resulting in new value of $15,011.99 extended as a matter of law from the February 25, 2009 payment of $15,587.19. When the $15,011.99 new value is combined with the $108,807.27, the total new value extended during the preference period is $123,819.26.

Partial summary judgment is **GRANTED** in favor of Ferguson and Ferguson shall have an allowed new value defense of $123,819.26.

**SO ORDERED.**

**END OF DOCUMENT**